UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN LEWIS WHITMAN**,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**, *et al.*,<br><br>Defendants. | No. 25-cv-478 (TSC) |

**OPINION & ORDER**

*Pro se* Plaintiff Kevin Lewis Whitman, a self-proclaimed "Sovereign Israelite Principal" and "Treaty Beneficiary of the House of David," filed a petition for a writ of mandamus, seeking to compel the Justice Department "to investigate treaty violations" arising out of the "ethnic cleansing, medical neglect, and genocide against 30 million Israelites." *See* Pl.'s Mot. for Contempt & Sanctions at 1, ECF No. 5. Plaintiff has since filed five motions, including one which falsely claims that the court entered a sealed order on April 23, 2025, directing the Government to disburse $100 million to Plaintiff's escrow account "for emergency medical relief to mitigate genocide harm"—an order the court never issued. *Id.* at 2. Because the court lacks subject-matter jurisdiction over Plaintiff's patently insubstantial mandamus petition, it will *sua sponte* DISMISS this case and DENY as moot all pending motions. *See Cherdak v. Am. Arbitration Ass'n*, 443 F. Supp. 3d 134, 158 (D.D.C. 2020) ("Because the court lacks jurisdiction over this case, the court cannot resolve the other pending motions.").

Although "*pro se* complaints are held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 366 (D.D.C. 2020) (quoting *Curran*

*v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009)). Federal courts lack subject-matter jurisdiction over any complaint that is "patently insubstantial," such that it "present[s] no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims . . . if they are . . . wholly insubstantial, obviously frivolous, [or] plainly unsubstantial[.] (cleaned up)). Claims qualify as "patently insubstantial" if they rely on "any bizarre conspiracy theories." *Best*, 39 F.3d at 330. In evaluating subject-matter jurisdiction, the court "may consider materials outside the pleadings." *Leopold v. Manger*, 630 F. Supp. 3d 71, 77 (D.D.C. 2022) (quoting *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)). Thus, to understand Plaintiff's near unintelligible mandamus petition, the court will consider Plaintiff's more comprehensible expression of his request for mandamus as set forth in his Motion for Contempt and Sanctions. *See* Pl.'s Mot. for Contempt & Sanctions at 2–3.

The court lacks jurisdiction over Plaintiff's mandamus petition because it fails to present a federal question suitable for decision. *Tooley*, 586 F.3d at 1010. Plaintiff relies on the bizarre conspiracy theory that a group of 30 million "sovereign Israelites," of which he is a "Principal," are being subject to ethnic cleansing, medical neglect, and genocide, in violation of an assortment of treaties including the Paris Treaty of 1763, which ended the French and Indian War, and the Lateran Treaty of 1929, under which Italy recognized the sovereignty of Vatican City. *See* Pl.'s Mot. for Contempt & Sanctions at 2–3. Plaintiff's unsupported allegations are so fanciful and his legal theories so insubstantial that Plaintiff's petition is "absolutely devoid of merit" and therefore insufficient to invoke this court's jurisdiction. *See Hagans*, 415 U.S. at 536 (cleaned up).

Even if the court had jurisdiction, it would dismiss Plaintiff's mandamus petition for failure to state a claim. A district court may *sua sponte* dismiss a complaint for failure to state a claim when "it is patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint. *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) (same). A "writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). Thus, a "party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable." *Id.* (cleaned up). Plaintiff "does not have a clear and indisputable right" to a writ of mandamus ordering the Justice Department to investigate alleged treaty violations "because the Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case." *Berry v. FBI*, 464 Fed. App'x 6 (D.C. Cir. Mar. 16, 2012) (per curiam) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Therefore, it is patently obvious that Plaintiff has failed to state a claim for the extraordinary remedy of mandamus relief.

Accordingly, it is hereby ORDERED that Plaintiff's Petition for a Writ of Mandamus, ECF No. 1, is DISMISSED and all pending motions are DENIED. The Clerk of the Court shall close this case.

SO ORDERED.

Date: December 17, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge